UNITED STATES DISTRICT COURT OF NEW YORK

SOUTHERN DISTRICT

PATRICK METEL,

        Plaintiff,

v.

METROPOLITAN LIFE INSURANCE OF AMERICA; IBM CORPORATION GROUP LONG TERM DISABILITY PLAN

        Defendants.

Case No.:

**COMPLAINT FOR DECLARATORY RELIEF**

**08 CIV. 7440**

**JUDGE SEIBEL**

Plaintiff Patrick Metel ("Plaintiff") alleges as follows:

## JURISDICTION

1. Plaintiff's claim for relief arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. section 1132(a)(1) and (3). Pursuant to 29 U.S.C. section 1331, this court has jurisdiction over this action because this action arises under the laws of the United States of America. 29 U.S.C. section 1132(e)(1) provides for federal district court jurisdiction of this action.

## VENUE

2. Venue is proper in the Southern Division in the District of New York because the acts and occurrences giving rise to Plaintiff's claim for relief took place in Somers, New York in that Plaintiff is a resident of Somers, New York, County of Westchester. Therefore, 29 U.S.C. section 1132(e)(2) provides for venue in this court.

## PARTIES

3. Plaintiff is, and at all times relevant hereto was, a participant, as that term is defined by 29 U.S.C. section 1000(7), of the IBM Corporation Group Long Term Disability Plan

("the Plan") and thereby entitled to receive benefits therefrom. Plaintiff was a beneficiary because he was an employee of IBM Corporation, which established the Plan.

4. Defendant the Plan is an employee welfare benefit plan organized and operating under the provisions of ERISA, 29 U.S.C. section 1001 et seq.

5. Defendant Metropolitan Life Insurance Company, also known as MetLife, is a corporation organized and operating under the laws of the State of New York, authorized to transact insurance in the State of New York, and was insurer and decision maker for the Plan and is legally liable for paying the benefits sought herein.

## CLAIM FOR RELIEF

6. The Plan provides long-term disability benefits after a waiting period of 90 days, which, for a person under the age of 61 at the time the disability occurred, as was Plaintiff herein, such benefits potentially could continue until age 65.

7. In order to be eligible for benefits under the Plan, an employee must meet the Plan's definition of disability. The Plan defines disability, as follows:

> "Under the Long-Term Disability Plan, totally disabled means that during the first 12 months after you complete the waiting period, you cannot perform the important duties of your regular occupation with IBM because of that sickness or injury. After the expiration of that 12 month period, totally disabled means that, because of a sickness or injury, you cannot perform the important duties of your occupation or any other gainful occupation for which you are reasonably fit by your education, training or experience. You must be under the appropriate care and treatment of a doctor on a continuing basis. At your own expense, proof of disability, satisfactory to Metropolitan, must be submitted to Metropolitan. 'Your regular occupation with IBM' means the regular occupation you had with IBM as of your last day of active status."

8. Plaintiff was employed by IBM Corporation as Control Auditor/Advisor.

9. Plaintiff became totally disabled and ceased to work on or about October 30, 2006.

10. Plaintiff remained disabled through the waiting period specified by the Plan.

11. Plaintiff applied for Long-term Disability ("LTD") benefits from MetLife and the Plan on or about March 19, 2007.

COMPLAINT FOR DECLARATORY RELIEF

2

12. By letter dated May 7, 2007, MetLife and the Plan denied Plaintiff's claim for LTD benefits.

13. By letter dated November 1, 2007, Plaintiff appealed the termination of LTD benefits.

14. By letter January 24, 2008, MetLife and the Plan denied Plaintiff's appeal.

15. Pursuant to the requirements of MetLife and the Plan, Plaintiff applied for Social Security Disability benefits. The Social Security Administration determined that Plaintiff was totally disabled not only from his own job, but also from any job in the national economy for which he was reasonably qualified by virtue of his age, education, experience and training and therefore awarded his Social Security Disability benefits. Pursuant to the provisions of the Plan, once Plaintiff was awarded Social Security Disability benefits, his LTD benefits from the Plan are reduced.

16. At all times mentioned herein Plaintiff was, and continues to be, totally disabled under the terms of the Plan.

17. Plaintiff has exhausted all administrative remedies required to be exhausted under the terms of the Plan.

18. This Court is required to review the termination of Plaintiff's LTD benefits de novo.

19. Defendants are judicially estopped to deny that Plaintiff is totally disabled under the Plan because:

    A. Defendants required Plaintiff to apply for Social Security Disability benefits.

    B. Plaintiff did so, and, was found to be totally disabled from performing not only his own occupation, but also any occupation in the national economy for which she is reasonably qualified, he was awarded such benefits.

    C. Pursuant to the terms of the Plan, all such benefits, except COLAs are paid or used to decrease Defendants' obligation to Plaintiff, except the amount

of back benefits paid as attorney's fees.

20. MetLife's and the Plan's termination of Plaintiff's long-term disability benefits was arbitrary and capricious, an abuse of discretion, and a violation of the terms of the Plan.

21. An actual controversy has arisen and now exists between Plaintiff, on the one hand, and MetLife and the Plan, on the other hand, with respect to whether Plaintiff is entitled to long-term disability benefits under the terms of the Plan.

22. Plaintiff contends, and MetLife and the Plan dispute, that Plaintiff is entitled to benefits under the terms of the Plan for long-term disability because Plaintiff contends, and defendants MetLife and the Plan dispute, that Plaintiff is totally disabled.

23. Plaintiff desires a judicial determination of his rights and a declaration as to which party's contention is correct, together with a declaration that MetLife and the Plan are obligated to pay long-term disability benefits, under the terms of the Plan, retroactive to the first day of his eligibility, until and unless such time that Plaintiff is no longer eligible for such benefits under the terms of the Plan.

24. A judicial determination of these issues is necessary and appropriate at this time under the circumstances described herein in order that the parties may ascertain their respective rights and duties, avoid a multiplicity of actions between the parties and their privities, and promote judicial efficiency.

25. As a proximate result of Defendants' wrongful conduct as alleged herein, Plaintiff was required to obtain the services of counsel to obtain the benefits to which she is entitled under the terms of the Plan. Pursuant to 29 U.S.C. section 1132(g)(1), Plaintiff requests an award of attorney's fees and expenses as compensation for costs and legal fees incurred to pursue Plaintiff's rights under the terms of the Plan.

WHEREFORE, Plaintiff prays judgment as follows:

1. For declaratory judgment against defendants MetLife and the Plan, requiring MetLife and the Plan to pay long-term disability benefits under the terms of the Plan to Plaintiff for the period to which he is entitled to such benefits, with prejudgment interest on all unpaid

benefits, until Plaintiff attains the age of 65 years or until it is determined that Plaintiff is no longer eligible for benefits under the terms of the Plan.

    2.    For attorney's fees pursuant to statute.

    3.    For costs of suit incurred.

    4.    For such other and further relief as the Court deems just and proper.

Dated: August 13, 2008

    S/Thornton Davidson
THORNTON DAVIDSON
ERISA Law Group, LLP
2055 San Joaquin Street
Fresno, CA 93721
Telephone:   559-256-9800
Facsimile:    559-256-9795
E-mail: thorntondavidson@aol.com
Attorney for Plaintiff, PATRICK METEL
*Appearing pro hac vice*

Dated: August 13, 2008

    S/John Gugliotta
JOHN GUGLIOTTA
Gugliotta & Associates
145 Huguenot Street
New Rochelle, NY 10801
T: 914-813-1700
F: 914-813-1702
E-mail: gugliottalaw@optonline.net
Attorney for Plaintiff, PATRICK METEL